UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YUMARCUS H. ANDERSON,

          Plaintiff,

      v.                                                     Case No. 23-C-1287

AMERICAN FOODS GROUP LLC and
GREEN BAY DRESSED BEEF LLC,

          Defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

On January 12, 2024, Plaintiff YuMarcus Anderson filed a pro se complaint against Defendants American Foods Group LLC and Green Bay Dressed Beef LLC, asserting various claims arising out of his employment at Defendants' facility. In particular, Plaintiff alleges violations of (1) 18 U.S.C. § 1514 (which prohibits witness harassment in a federal criminal case); (2) 41 C.F.R. § 60–20.8 (which prohibits federal contractors from sexual harassment); (3) 18 U.S.C. § 242 (which creates criminal penalties for willfully depriving someone of their federal rights, privileges, or immunities on the basis of their color or race); (4) Title VII (which prohibits employment discrimination based on race, color, religion, sex, and national origin); (5) 42 U.S.C. § 1981(a) (which establishes equal rights under the law); and (6) 42 U.S.C. § 12203(a) (which prohibits employers from retaliating against employees who oppose an act made unlawful by the Americans with Disabilities Act). This matter comes before the court on Defendants' motion for summary judgment. For the reasons that follow, the motion will be granted and the case dismissed.

**PRELIMINARY MATTERS**

Pursuant to the local rules, along with the motion for summary judgment, the moving party is required to file either a statement of material facts to which the parties have stipulated or a

statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L.R. 56(b)(1). Defendants submitted proposed findings of fact in support of their summary judgment motion in compliance with the local rules. The rules require a party opposing a summary judgment motion to file a response to the moving party's proposed facts to make clear to the court which, if any, of the proposed facts are in dispute. Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L.R. 56(b)(4).

Defendants, as required by the local rules, included a copy of the Federal Rules of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56 in their motion for summary judgment. *See* Dkt. No. 42. On November 4, 2024, Plaintiff filed a response to the motion for summary judgment, but he did not respond to Defendants' proposed facts. Accordingly, Defendants' proposed facts are deemed admitted for the purpose of deciding summary judgment. *See Phoneprasith v. Greff*, No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L.R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same).

In addition, although Defendants moved for summary judgment on all of Plaintiff's claims, Plaintiff only responded to the Title VII claims. As a result, the court will deem Plaintiff's other claims waived. *See Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."); *Watt v. Brown County*, 210 F. Supp. 3d 1078, 1083 (E.D. Wis. 2016) (concluding that plaintiff abandoned claim because she "failed to respond to [the defendant's] arguments in her brief in opposition").

As a final note, Plaintiff cites to the Wisconsin Fair Employment Act in response to Defendants' motion for summary judgment. Dkt. No. 47. However, his second amended complaint raised only federal claims under Title VII. *See* Dkt. No. 17. Plaintiff never sought to amend his complaint to add state law claims, so the court will not address them. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ("[A] plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.'" (quoting another source)). With these considerations in mind, the court turns to the substance of Defendants' motion for summary judgment.

**BACKGROUND**

Plaintiff worked for Defendants for a number of years. In his view, Plaintiff experienced several discriminatory events based on his race and sex. On November 23, 2020, one of Plaintiff's co-workers, John Rodriguez, called Plaintiff the n-word. Two weeks later, on December 9, 2020, Plaintiff overheard a conversation where a different co-worker, Everrett Walker, suggested to his supervisor that Plaintiff needed to mind his own business and used the n-word to refer to Plaintiff.

In April 2021, when Plaintiff requested non-powdered rubber gloves because he had eczema, a foreman told Plaintiff that he was "acting like a little girl." Several months later, in August 2021, that same foreman approached Plaintiff and told Plaintiff that he dropped something. When Plaintiff turned to look, the foreman held up a pair of women's underwear, leading to laughter from Plaintiff's co-workers.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission. On September 22, 2021, Defendants terminated Plaintiff for threatening a supervisor and swearing at him. Plaintiff filed the instant action on September 27, 2023.

## LEGAL STANDARD

Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is genuine if a reasonable trier of fact could find in favor of the nonmoving party. *Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 975 (7th Cir. 2000). A fact is material only if it might affect the outcome of the case under governing law. *Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 990 (7th Cir. 1993). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010). Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citation omitted).

## ANALYSIS

Plaintiff alleges he was subjected to a hostile work environment based on his sex/gender and his race. To establish a hostile work environment claim, a plaintiff must show that (1) the work environment was both subjectively and objectively offensive; (2) the harassment was based on his membership in a protected class; (3) the conduct was severe or pervasive; and (4) there is a basis for employer liability. *Scaife v. United States Dep't of Veterans Affairs*, 49 F.4th 1109, 1115 (7th Cir. 2022); *EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 625 (7th Cir. 2018). Although Plaintiff has failed to meet several of these elements, the court will focus on the severity and pervasiveness of the comments. "To be severe or pervasive enough to create a hostile work environment, conduct must be 'extreme.'" *Costco Wholesale Corp.*, 903 F.3d at 625 (quoting another source). This element depends on "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere

4

offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. (quoting another source).

With respect to his claim of hostile work environment based on his sex/gender, Plaintiff points to two allegedly offensive incidents: one in April of 2021 and one in August. In April 2021, a foreman told Plaintiff that he was "acting like a little girl" after Plaintiff asked for non-powdered rubber gloves. In August 2021, that same foreman approached Plaintiff and told Plaintiff that he dropped something. When Plaintiff turned to look, the foreman held up a pair of women's underwear, leading to laughter from Plaintiff's co-workers. Plaintiff worked for Defendants for a number of years, and two comments made over the course of his employment can hardly be called frequent. In addition, neither comment actually related to Plaintiff's sex or gender. *See id.* at 626 ("To be sure, the alleged harassment must occur because of the plaintiff's sex."). "Sexual horseplay differs from sex discrimination, and Title VII covers only discriminatory conduct." *Shafer v. Kal Kan Foods, Inc.*, 417 F.3d 663, 666 (7th Cir. 2005). "Title VII is not a general civility code and will not find liability based on the sporadic use of abusive language." *Ford v. Minteq Shapes & Servs., Inc.*, 587 F.3d 845, 848 (7th Cir. 2009) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). In short, the conduct Plaintiff complains of is not sufficiently severe or pervasive to rise to the level of a hostile work environment.

Plaintiff also alleges he was subject to a hostile work environment based on his race. He contends that, on two occasions, his co-workers called him the n-word and his supervisor overheard one of the comments. Two comments made by two different co-workers are not sufficiently severe or pervasive to establish a hostile work environment. Plaintiff complains of two comments—both in late 2020—that occurred within a span of two weeks. Although there is no magic number to prove that comments occurred pervasively, it is noteworthy here that the comments were made by Plaintiff's co-workers, as opposed to supervisors, and stopped early on

5

in Plaintiff's employment. *See Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 601 (7th Cir. 2014) (affirming summary judgment for employer; one use of racial epithet and several other incidents of harassment by co-workers were not severe or pervasive enough to establish hostile work environment); *Gates v. Bd. of Educ. of the City of Chicago*, 916 F.3d 631, 638 (7th Cir. 2019) (noting that the Seventh Circuit "has repeatedly treated a supervisor's use of racially toxic language in the workplace as much more serious than a co-worker's"). There is no evidence that Rodriguez, Walker, or even the supervisor that overheard Walker's comment exhibited physically threatening or humiliating conduct towards Plaintiff. Indeed, Walker's comment was not even primarily directed to Plaintiff, and Plaintiff admitted that he did not think the comments were motivated to harass him based on his race. *See* Defs.' Statement of Proposed Material Facts ¶ 14, Dkt. No. 44. Plaintiff has failed to establish that he was subjected to a hostile work environment. Accordingly, Defendants are entitled to summary judgment on this claim.

Next, Plaintiff asserts that Defendants retaliated against him. "Title VII also prohibits retaliation against employees who engage in statutorily protected activity by opposing an unlawful employment practice or participating in the investigation of one." *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016). "A retaliation claim requires proof that the plaintiff suffered an adverse employment action because of his statutorily protected activity; in other words, the plaintiff must prove that he engaged in protected activity and suffered an adverse employment action, and that there is a causal link between the two." *Id*. Plaintiff has not established that he engaged in protected activity because, as explained above, the underlying complained-of activity did not constitute harassment. Plaintiff cannot demonstrate a causal link between his termination and any protected activity. Therefore, Defendants' motion for summary judgment on Plaintiff's retaliation claim will be granted.

Finally, Plaintiff asserts that he was wrongfully terminated. "To establish that an employer discriminated in contravention of Title VII, a plaintiff must show that membership in a protected class 'caused the discharge or other adverse employment action.'" *Nigro v. Ind. Univ. Health Care Associates, Inc.*, 40 F.4th 488, 491 (7th Cir. 2022). The record shows that Defendants terminated Plaintiff for insubordination. Plaintiff may disagree with Defendants' determination that he was insubordinate, but that is not the issue relevant to this claim. He must point to some evidence that Defendants actually fired him because of his sex/gender or race. He has not. Accordingly, Plaintiff has failed to demonstrate that he was wrongfully terminated. Defendants are entitled to summary judgment on this claim.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (Dkt. No. 42) is **GRANTED**. Plaintiff's motion for a protective order/motion to quash Defendants' request for Plaintiff's personnel file (Dkt. No. 39) is **DENIED as moot**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of December, 2024.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge